```
1                    DISTRICT OF UNITED STATES
2                WESTERN DISTRICT OF MASSACHUSETTS
3
4                       CIVIL ACTION #
5
6                    JOSEPH F. SCHEBEL JR.,
7                       Plaintiff/Pro Se
8
9                              vs.
10
11                         JOHN MOCCIO,
12      individually and in his official capacity as patrolman
13                    for the Agawam Police,
14
15                       JOHN KUNASEK, JR.,
16      individually and in his official capacity as patrolman
17                    for the Agawam Police,
18
19                       RICHARD LIGHT, JR.,
20      individually and in his official capacity as Lieutenant
21                    for the Agawam Police,
22
23                      JAMES DONOVAN III,
24      individually and in his official capacity as Sergeant
25                    for the Agawam Police,
```

```
 1
 2                    AGAWAM, CITY of INC.,
 3         which is duly organized under the laws of the
 4         Commonwealth of Massachusetts is sued herein
 5            in its official capacity as a corporation
 6                under the laws of the Commonwealth,
 7
 8                        RICHARD COHEN,
 9     individually and in his official capacity as Mayor of
10                      Agawam, Massachusetts,
11
12                       ROBERT CAMPBELL,
13          individually and in his official capacity as
14                       Chief of Police of
15                      Agawam, Massachusetts,
16                           defendants,
17  _____
```

COMPLAINT

<u>AND</u>

<u>DEMAND FOR JURY TRIAL</u>

ON COUNTS

INTRODUCTION

This action arose out of the intentional deprivation and violations of Plaintiffs Guaranteed Constitutional rights under the 4th, 5th and 14th amendments of the United

States Constitution, and violations of his guaranteed constitutional rights under Article VII, Article X, Article XII, Article XIV, Article XX and Article XXIX in the Massachusetts Constitution under PART THE FIRST *A Declaration of the Rights of the Inhabitants of the Commonwealth of Massachusetts.*

Plaintiffs asserts that all Defendants violated Schebel's right while acting under the color of law.

### JURISDICTION

Jurisdiction of the court arises under 28 U.S.C. secs.1331, 1337, 1343(a) and 1367(a); 42 U.S.C. secs. 1983 (civil action for deprivation of rights), 1985(3) (conspiracy to interfere with civil rights), 1986 (neglect to prevent), 1988 (proceedings in vindication of civil rights); 18 U.S.C. 1341; 18 U.S.C. 15111 (obstructing enforcement of state law: and; 18 U.S.C. 1961 (and statues cited therein) through 1968(RICO).

Jurisdiction is further arises out of Massachusetts Civil Rights Act under Massachusetts General Law, c. 12, § 11i.

Jurisdiction of this court for the pendent claims is authorized by F.R.Civ.P. 18(a), and arises under the doctrine of pendent jurisdiction as set for in United Mine Workers B. Gibbs, 383 U.S. 715 (1966)

### COMPLAINT AS FOLLOWS:

### PARTIES

1. Plaintiff, Joseph F. Schebel Jr. (hereinafter "Plaintiff" or "Schebel"), is a natural born free sovereign, American (united States) Citizen, a citizen of the commonwealth of Massachusetts, a freeman endowed by God with numerous unalienable rights to "life, liberty and the pursuit of happiness" which are rights specifically identified in the Declaration of Independence and secured by the united States Constitution and furthermore by the Constitution of the Commonwealth of Massachusetts. Plaintiff Schebel is domiciled at 71 Columbia Dr, Feeding Hills, in the former County of Hampden, Commonwealth of Massachusetts.

2. Defendant Officer John Moccio (hereinafter "Officer Moccio" or "Moccio" or "Defendant(s)"), who is or was employed as a police officer for the Agawam Police Department, with its headquarters located at 681 Springfield Street, Feeding Hills, in the former County of Hampden, Massachusetts, United States of America is sued in her official and individual capacities at all times relevant to this complaint.

3. Defendant Officer John Kunasek, Jr. (hereinafter "Officer Kunasek" or "Kunasek" or "Defendant(s)"), who is or was employed as a police officer for the Agawam Police Department, with its headquarters located at 681 Springfield Street, Feeding Hills, in the former County of Hampden, Massachusetts, United States of America is sued in her official and individual capacities at all times relevant to this complaint.

4. Defendant Richard Light (hereinafter "Lt. Light" or Light" or "Defendant(s)"), who is a natural person, who is or was employed as a lieutenant for the Agawam Police Department, with its headquarters located at 681 Springfield Street, Feeding Hills, in the former County of Hampden, Massachusetts, United States of America is sued in his official and individual capacities at all times relevant to this complaint.

5. Defendant James Donovan, III (hereinafter "Sgt. Donovan or "Dononvan" or "Defendant(s)"), who is a natural person, who is or was employed as a detective for the Agawam Police Department, with its headquarters located at 681 Springfield Street, Feeding Hills, in the former County of Hampden, Massachusetts, United States of America is sued in his official and individual capacities at all times relevant to this complaint.

6. Defendant City of Agawam Inc., (hereinafter "City" or "Defendant(s)") is duly organized under the laws of the Commonwealth of Massachusetts and is a municipality located in the former County of Hampden, Massachusetts, United States of America, herein is sued in its official capacity at all times relevant to this complaint.

7. Defendant Mayor Richard Cohen (hereinafter "Mayor Cohen" or "Cohen" or "Defendant(s)") who is a natural person and the duly elected mayor of Agawam, Massachusetts, with a principal place of business located at City Hall, 36

Main Street, in the Town of Agawam, the former County of Hampden, Commonwealth of Massachusetts, United States of America, is sued in his individual and official capacity at all times relevant to this complaint.

8. Defendant Chief Robert Campbell (hereinafter "Chief Campbell" or "Campbell" or "Defendant(s)") who is a natural person, who is or was the duly appointed chief of police for the City of Agawam, Massachusetts, with its headquarters located at 681 Springfield Street, Feeding Hills, in the former County of Hampden, Massachusetts, United States of America is sued in his individual and official capacities at all times relevant to this complaint.

**FACTUAL BACKGROUND**

9. On March 3, 2002 Officer Moccio along with Officer Kunasek entered Schebel property for the sole purpose to arrest him.

10. As Moccio and Kunasek were entering Schebel's property, Schebel repeatedly requested Moccio and Kunasek to produce a warrant.

11. Although Moccio has acknowledge that Schebel was requesting a warrant, Moccio and Kunasek ignored Schebel request and continue their illegal search of Schebel and items on Schebel property.

12. Defendants Moccio and Kunasek failed to produce a warrant has never produced a warrant that would have given them the statutory authority to enter Schebel property to perform these acts.

13. While Schebel was being arrested by Officer Moccio, Officer Kunasek was removing and seizing items from Schebel property without a warrant to seize these items.

14. Schebel was then placed in handcuffs, and transported to the Agawam Police Department against his will.

15. He was further finger printed and booked at the Agawam Police Department headquarters by Light.

16. Defendant, Donovan, approved this arrest of Schebel.

5

17. On or about April 12, Schebel filed a motion to dismiss these charges as they committed in clear violation of Schebel United States and Massachusetts Constitutional rights.

18. The presiding judge agreed with Schebel and dismissed the case.

### COUNT I:
### VIOLATIONS OF 42 U.S.C. § 1983;
### UNITED STATES CONSTITUTION;
### 4TH AMENDMENT;
### PROBABLE CAUSE

Schebel repeats and realleges and incorporates by reference the allegations in paragraph 1 through 18 above with the same force and effects as if herein set forth.

Schebel asserts that all Defendants had no probable cause to arrest Schebel on his property without a warrant.

### COUNT II:
### MASS. CIVIL RIGHTS ACT M.G.L. c.12 § 11I;
### UNITED STATES CONSTITUTION;
### 4TH AMENDMENT;
### PROBABLE CAUSE

Schebel repeats and realleges and incorporates by reference the allegations in paragraph 1 through 18 above with the same force and effects as if herein set forth.

Schebel asserts that all Defendants had no probable cause to arrest Schebel on his property without a warrant.

### COUNT III:
### VIOLATIONS OF 42 U.S.C. § 1983:
### UNITED STATES CONSTITUTION;
### 5TH AND 14TH AMENDMENTS;
### DUE PROCESS

Schebel repeats and realleges and incorporates by reference the allegations in paragraph 1 through 18 above with the same force and effects as if herein set forth.

Schebel asserts that all Defendants failed to provide Schebel with his Due Process of the Law.

## COUNT IV:
## MASS. CIVIL RIGHTS ACT M.G.L. c.12 § 11I:
## UNITED STATES CONSTITUTION;
## 5<u>TH</u> AND 14<u>TH</u> AMENDMENTS;
## DUE PROCESS

Schebel repeats and realleges and incorporates by reference the allegations in paragraph 1 through 18 above with the same force and effects as if herein set forth.

Schebel asserts that all Defendants failed to provide Schebel with his Due Process of the Law.

## COUNT V:
## VIOLATION OF
## MASS. CIVIL RIGHTS ACT M.G.L. c.12 § 11i:
## PART THE FIRST
## A DECLARATION OF THE RIGHTS OF THE INHABITANTS OF THE COMMONWEALTH OF MASSACHUSETTS
## ARTICLE VII

Schebel repeats and realleges and incorporates by reference the allegations in paragraph 1 through 18 above with the same force and effects as if herein set forth.

Schebel asserts that all Defendants violated Schebel right to his protection safety, prosperity and happiness under the color of law.

## COUNT VI:
## VIOLATION OF
## MASS. CIVIL RIGHTS ACT M.G.L. c.12 § 11i:
## PART THE FIRST
## A DECLARATION OF THE RIGHTS OF THE INHABITANTS OF THE COMMONWEALTH OF MASSACHUSETTS
## ARTICLE X

Schebel repeats and realleges and incorporates by reference the allegations in paragraph 1 through 18 above with the same force and effects as if herein set forth.

Although Article X provides that each individual of society has a right to be protected by it in the enjoyment of his life, liberty and property, according to standing laws, these defendants violated and failed Schebel in protecting

him in his enjoyment of his life, liberty and property, according to standing laws.

### COUNT VII:
### VIOLATION OF
### MASS. CIVIL RIGHTS ACT M.G.L. c.12 § 11i:
### PART THE FIRST
### A DECLARATION OF THE RIGHTS OF THE INHABITANTS OF THE COMMONWEALTH OF MASSACHUSETTS
### ARTICLE XII

Schebel repeats and realleges and incorporates by reference the allegations in paragraph 1 through 18 above with the same force and effects as if herein set forth.

All the Defendants by their concerted efforts deprived Schebel of his life, liberty not by the law of the land as guaranteed in Article XII of the Constitution of Massachusetts.

### COUNT VIII:
### VIOLATION OF
### MASS. CIVIL RIGHTS ACT M.G.L. c.12 § 11i:
### PART THE FIRST
### A DECLARATION OF THE RIGHTS OF THE INHABITANTS OF THE COMMONWEALTH OF MASSACHUSETTS
### ARTICLE XX

Schebel repeats and realleges and incorporates by reference the allegations in paragraph 1 through 18 above with the same force and effects as if herein set forth.

The defendants failed to obey the law and did suspend and/or failed to execute the laws of the United States and/or the Commonwealth of Massachusetts as guaranteed in Article XX under PART THE FIRST *A Declaration of the Rights of the Inhabitants of the Commonwealth of Massachusetts* of the Massachusetts Constitution towards Schebel

### COUNT IX:
### VIOLATION OF
### MASS. CIVIL RIGHTS ACT M.G.L. c.12 § 11i:
### PART THE FIRST
### A DECLARATION OF THE RIGHTS OF THE INHABITANTS OF THE COMMONWEALTH OF MASSACHUSETTS
### ARTICLE XXIX

Schebel repeats and realleges and incorporates by reference the allegations in paragraph 1 through 18 above with the same force and effects as if herein set forth.

The defendants failed to provide Schebel with a impartial interpretation of the laws, and to the administration of justice as guaranteed in Article XXIX under PART THE FIRST *A Declaration of the Rights of the Inhabitants of the Commonwealth of Massachusetts* of the Massachusetts Constitution.

### COUNT X:
### VIOLATIONS OF 42 U.S.C. § 1985(3); UNITED STATES CONSTITUTION; 4TH, 5TH, 14TH AMENDEMDNTS; CONSPIRACY

Schebel repeats and realleges and incorporates by reference the allegations in paragraph 1 through 18 above with the same force and effects as if herein set forth.

As a result of the concerted unlawful acts by the Defendants, they have maliciously conspired against Schebel to violate Schebel's know and constitutional rights guaranteed by the United States Constitution along with the Commonwealth of Massachusetts.

### COUNT XI:
### VIOLATIONS OF M.G.L. c. 274 § 7 ¶ 3 CONSPIRACY

Schebel repeats and realleges and incorporates by reference the allegations in paragraph 1 through 18 above with the same force and effects as if herein set forth.

As a result of the concerted unlawful acts by the Defendants, they have maliciously conspired against Schebel to violate Schebel's know and constitutional rights guaranteed by the United States Constitution along with the Commonwealth of Massachusetts.

### COUNT XII:
### VIOLATIONS OF 42 U.S.C. 1986, REFUSING OR NEGLECTING TO PROTECT AND PREVENT THE WRONGS CONSPIRED TO BE DONE

Schebel repeats and realleges and incorporates by reference the allegations in paragraph 1 through 18 above with the same force and effects as if herein set forth.

Defendants, City of Agawam, Cohen, Campbell and Donovan have failed to protect and prevent Schebel for wrongs of his constitutional rights.

### COUNT XIII:
### MALICIOUS ABUSE OF PROCESS

Schebel repeats and realleges and incorporates by reference the allegations in paragraph 1 through 18 above with the same force and effects as if herein set forth.

Schebel asserts that all Defendants abused the process that has been established by the United States and Massachusetts Constitution have caused Schebel emotional, mental and financial harm.

### COUNT XIV:
### BATTERY

Schebel repeats and realleges and incorporates by reference the allegations in paragraph 1 through 18 above with the same force and effects as if herein set forth.

Defendant John Moccio committed a battery when he intentionally, harmfully and offensively touch Schebel when Handcuffing Schebel against his will.

### COUNT XV:
### FALSE ARREST AND IMPRISONMENT

Schebel repeats and realleges and incorporates by reference the allegations in paragraph 1 through 18 above with the same force and effects as if herein set forth.

Defendant Moccio and Kunasek intentionally, harmfully and voluntarily falsely arrested and falsely imprisoned Schebel by again his will.

### COUNT XVII:
### FALSE ARREST AND IMPRISONMENT

10

Schebel repeats and realleges and incorporates by reference the allegations in paragraph 1 through 18 above with the same force and effects as if herein set forth.

Defendant Moccio, Kunasek, Light and Donovan intentionally, harmfully and voluntarily detainied and confined Schebel again his will.

### COUNT XVIII:
### EMOTIONAL, MENTAL AND FINACIAL HARM AND STRESS

Schebel repeats and realleges and incorporates by reference the allegations in paragraph 1 through 18 above with the same force and effects as if herein set forth.

Schebel asserts that all Defendants have caused Schebel emotional, mental and financial harm.

Defendant James Donovan III is liable under the doctrine of *respondeat superior* on all counts.

THEREFORE, Schebel is demanding a jury trial as for there is material facts that can only be decided by a jury.

WHEREFORE, Plaintiff demands judgment against defendants on all counts and further seeks relief against all Defendants jointly and severally, for actual, general, special, compensatory damages in the amount of $5,000,000.00 (Five Million and 00/100) per count and further demands judgment against each of said Defendant, jointly and severally, for punitive damages in the amount deemed at trial to be just, fair and appropriate.

March 2, 2005                          RESPECTIVELY SUBMITTED,

                                       _____
                                       Joseph F. Schebel Jr.
                                       Plaintiff/Pro Se
                                       71 Columbia Dr.
                                       Feeding Hills, Mass. 01030
                                       (413) 789-7515

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Joseph F Schebel SR

**DEFENDANTS**
John Muccio, ET.AL.

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Joseph Schebel
71 Columbia Dr
Feeding Hill, MA 01030

Attorneys (If Known)
Not Known

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury— Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Several U.S. Civil Right Violation Against The Plaintiff

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

305871

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) **Joseph Schebel v John Moccio**

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ___  I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   X   II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
            740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.       for patent, trademark or copyright cases

   ___ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.

   ___ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
            690, 810, 861-865, 870, 871, 875, 900.

   ___ V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐    NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐    NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐    NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐    NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☒    NO ☐

   A.  If yes, in which division do all of the non-governmental parties reside?
       Eastern Division  ☐    Central Division  ☐    Western Division  ☒

   B.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
       Eastern Division  ☐    Central Division  ☐    Western Division  ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐    NO ☒

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   **Joseph Schebel**
ADDRESS   **71 Columbia Dr  Feeding Hills  Mass**
TELEPHONE NO.   **789-7515**

Coversheetlocal.wpd - 10/17/02)