UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-30060-MAP

JOSEPH F. SCHEBEL, JR.,                                             )
      Plaintiff/Pro Se                                            )
                                                                    )
v.                                                                  )
                                                                    )
JOHN MOCCIO, individually and in his official capacity as           )
patrolman for the Agawam Police, JOHN KUNASEK, JR.,                 )
individually and in his official capacity as patrolman for the      )
Agawam Police, RICHARD LIGHT, JR., individually and in              )
his official capacity as Lieutenant for the Agawam Police,          )
JAMES DONOVAN III, individually and in his official                 )
capacity as Sergeant for the Agawam Police, AGAWAM,                 )
CITY of INC., which is duly organized under the laws of the         )
Commonwealth of Massachusetts is sued herein in its official        )
capacity as a corporation under the laws of the Commonwealth,       )
RICHARD COHEN, individually and in his official capacity as         )
Mayor of Agawam, Massachusetts, ROBERT CAMPBELL,                    )
individually and in his official capacity as Chief of Police of     )
Agawam, Massachusetts,                                              )
      Defendants                                                  )

## ANSWER OF THE DEFENDANTS TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

The defendants deny the allegations contained in the introduction to the complaint.

### JURISDICTION

No response is required to the paragraphs entitled jurisdiction since they contain statements related to jurisdiction.

<u>PARTIES</u>

1.      The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the plaintiff's complaint and call upon the plaintiff to prove the same.

2.      The defendants admit the allegations contained in paragraph 2 of the plaintiff's complaint.

3.      The defendants admit the allegations contained in paragraph 3 of the plaintiff's complaint.

4.      The defendants admit the allegations contained in paragraph 4 of the plaintiff's complaint.

5.      The defendants admit the allegations contained in paragraph 5 of the plaintiff's complaint.

6.      The defendants admit that the City of Agawam is a municipality but deny that it is incorporated as alleged.

7.      The defendants admit the allegations contained in paragraph 7 of the plaintiff's complaint.

8.      The defendants admit the allegations contained in paragraph 8 of the plaintiff's complaint.

<u>FACTUAL BACKGROUND</u>

9.      The defendants deny the allegations contained in paragraph 9 of the plaintiff's complaint and call upon the plaintiff to prove the same.

10.     The defendants deny the allegations contained in paragraph 10 of the plaintiff's complaint and call upon the plaintiff to prove the same.

298644v1

11.    The defendants deny the allegations contained in paragraph 11 of the plaintiff's complaint and call upon the plaintiff to prove the same.

12.    The defendants deny the allegations contained in paragraph 12 of the plaintiff's complaint and call upon the plaintiff to prove the same.  Further answering, the defendants state that a warrant was not required.

13.    The defendants deny the allegations contained in paragraph 13 of the plaintiff's complaint and call upon the plaintiff to prove the same.

14.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of plaintiff's complaint.

15.    The defendants deny the allegations contained in paragraph 15 of the plaintiff's complaint and call upon the plaintiff to prove the same.

16.    The defendants deny the allegations contained in paragraph 16 of the plaintiff's complaint and call upon the plaintiff to prove the same.

17.    The defendants deny the allegations contained in paragraph 17 of the plaintiff's complaint and call upon the plaintiff to prove the same.

18.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the plaintiff's complaint.

<u>COUNT I</u>

The defendants repeat and reallege their responses to paragraphs 1 through 18 of the plaintiff's complaint and incorporate the same by reference as if fully set forth herein.

The defendants deny the allegations contained in the second paragraph of Count I of the plaintiff's complaint and call upon the plaintiff to prove the same.

298644v1

COUNT II

The defendants repeat and reallege their responses to paragraphs 1 through 18 of the plaintiff's complaint and incorporate the same by reference as if fully set forth herein.

The defendants deny the allegations contained in the second paragraph of Count II of the plaintiff's complaint and call upon the plaintiff to prove the same.

COUNT III

The defendants repeat and reallege their responses to paragraphs 1 through 18 of the plaintiff's complaint and incorporate the same by reference as if fully set forth herein.

The defendants deny the allegations contained in the second paragraph of Count III of the plaintiff's complaint and call upon the plaintiff to prove the same.

COUNT IV

The defendants repeat and reallege their responses to paragraphs 1 through 18 of the plaintiff's complaint and incorporate the same by reference as if fully set forth herein.

The defendants deny the allegations contained in the second paragraph of Count IV of the plaintiff's complaint and call upon the plaintiff to prove the same.

COUNT V

The defendants repeat and reallege their responses to paragraphs 1 through 18 of the plaintiff's complaint and incorporate the same by reference as if fully set forth herein.

The defendants deny the allegations contained in the second paragraph of Count V of the plaintiff's complaint and call upon the plaintiff to prove the same.

COUNT VI

The defendants repeat and reallege their responses to paragraphs 1 through 18 of the plaintiff's complaint and incorporate the same by reference as if fully set forth herein.

298644v1

The defendants deny the allegations contained in the second paragraph of Count VI of the plaintiff's complaint and call upon the plaintiff to prove the same.

<u>COUNT VII</u>

The defendants repeat and reallege their responses to paragraphs 1 through 18 of the plaintiff's complaint and incorporate the same by reference as if fully set forth herein.

The defendants deny the allegations contained in the second paragraph of Count VII of the plaintiff's complaint and call upon the plaintiff to prove the same.

<u>COUNT VIII</u>

The defendants repeat and reallege their responses to paragraphs 1 through 18 of the plaintiff's complaint and incorporate the same by reference as if fully set forth herein.

The defendants deny the allegations contained in the second paragraph of Count VIII of the plaintiff's complaint and call upon the plaintiff to prove the same.

<u>COUNT IX</u>

The defendants repeat and reallege their responses to paragraphs 1 through 18 of the plaintiff's complaint and incorporate the same by reference as if fully set forth herein.

The defendants deny the allegations contained in the second paragraph of Count IX of the plaintiff's complaint and call upon the plaintiff to prove the same.

<u>COUNT X</u>

The defendants repeat and reallege their responses to paragraphs 1 through 18 of the plaintiff's complaint and incorporate the same by reference as if fully set forth herein.

The defendants deny the allegations contained in the second paragraph of Count X of the plaintiff's complaint and call upon the plaintiff to prove the same.

298644v1

## COUNT XI

The defendants repeat and reallege their responses to paragraphs 1 through 18 of the plaintiff's complaint and incorporate the same by reference as if fully set forth herein.

The defendants deny the allegations contained in the second paragraph of Count XI of the plaintiff's complaint and call upon the plaintiff to prove the same.

## COUNT XII

The defendants repeat and reallege their responses to paragraphs 1 through 18 of the plaintiff's complaint and incorporate the same by reference as if fully set forth herein.

The defendants deny the allegations contained in the second paragraph of Count XII of the plaintiff's complaint and call upon the plaintiff to prove the same.

## COUNT XIII

The defendants repeat and reallege their responses to paragraphs 1 through 18 of the plaintiff's complaint and incorporate the same by reference as if fully set forth herein.

The defendants deny the allegations contained in the second paragraph of Count XIII of the plaintiff's complaint and call upon the plaintiff to prove the same.

## COUNT XIV

The defendants repeat and reallege their responses to paragraphs 1 through 18 of the plaintiff's complaint and incorporate the same by reference as if fully set forth herein.

The defendants deny the allegations contained in the second paragraph of Count XIV of the plaintiff's complaint and call upon the plaintiff to prove the same.

## COUNT XV

The defendants repeat and reallege their responses to paragraphs 1 through 18 of the plaintiff's complaint and incorporate the same by reference as if fully set forth herein.

298644v1

The defendants deny the allegations contained in the second paragraph of Count XV of the plaintiff's complaint and call upon the plaintiff to prove the same.

COUNT XVII (sic)

The defendants repeat and reallege their responses to paragraphs 1 through 18 of the plaintiff's complaint and incorporate the same by reference as if fully set forth herein.

The defendants deny the allegations contained in the second paragraph of Count XVII (sic) of the plaintiff's complaint and call upon the plaintiff to prove the same.

COUNT XVIII

The defendants repeat and reallege their responses to paragraphs 1 through 18 of the plaintiff's complaint and incorporate the same by reference as if fully set forth herein.

The defendants deny the allegations contained in the second paragraph of Count XVIII of the plaintiff's complaint and call upon the plaintiff to prove the same.

FIRST DEFENSE

By way of affirmative defense, the defendants state that the plaintiff has failed to bring his claims within the appropriate statutes of limitations.

SECOND DEFENSE

By way of affirmative defense, the defendants state that if the plaintiff was injured, it was as a result of the plaintiff's breach of his duty to exercise a high degree of care to protect and ensure his own safety.

THIRD DEFENSE

By way of affirmative defense, the defendants state that James Donovan cannot be held liable under the doctrine of respondeat superior for the acts of the defendants because they were not his employees.

298644v1

## FOURTH DEFENSE

By way of affirmative defense, the defendants say that their conduct, acts and alleged use of force were reasonable and justified, and that, therefore, the plaintiff cannot recover.

## FIFTH DEFENSE

By way of affirmative defense, the defendants say that the plaintiff consented to the defendants' alleged conduct, acts and statements, and that, therefore, the plaintiff cannot recover.

## SIXTH DEFENSE

By way of affirmative defense, the City of Agawam and the defendants in their official capacity cannot be liable to the plaintiff for intentional torts pursuant to M.G.L. c. 10(c).

## SEVENTH DEFENSE

By way of affirmative defense, the defendants state that they are immune from liability for damages for any violation of the plaintiff's civil rights under federal or state law since their conduct at all relevant times was in good faith, without malice and not in disregard of settled principles of constitutional law.

## EIGHTH DEFENSE

By way of affirmative defense, the defendants state that they cannot be held liable for violating the plaintiff's civil rights since no official or unofficial policy, ordinance, regulation, custom or practice or decision resulted in a deprivation of his constitutional rights.

## NINTH DEFENSE

By way of affirmative defense, the defendants state that the plaintiff's claim pursuant to M.G.L. c. 12, §11H and 11I must fail since they did not deprive the plaintiff of constitutional or statutory rights by force, threat, intimidation or coercion.

298644v1

## TENTH DEFENSE

By way of affirmative defense, the defendants state that at all times they acted reasonably, within the scope of their official discretion and with a good faith belief that their actions were lawful and not in violation of any clearly established statutory or constitutional right of which a reasonable person would have known with regard to all matters in the complaint which bear on a state or federal question.

## ELEVENTH DEFENSE

By way of affirmative defense, the defendants state that they are immune from suit because of the doctrine of qualified immunity.

## TWELFTH DEFENSE

By way of affirmative defense, the defendants state that the plaintiff has failed to allege any facts of a material nature which rise to the level of constitutional deprivations under 42 U.S.C. §1983 or M.G.L. c. 12, §11H and I.

## THIRTEENTH DEFENSE

By way of affirmative defense, the defendants state that a civil rights action against the City of Agawam must fail since it cannot be held liable under the respondeat superior doctrine and the plaintiff has failed to show that the City of Agawam caused the alleged constitutional violation.

## FOURTEENTH DEFENSE

By way of affirmative defense, the defendants state that the City of Agawam and the defendants in their official capacity cannot be liable to the plaintiff pursuant to Massachusetts General Laws Chapter 12 since they are not "persons."

298644v1

## FIFTEENTH DEFENSE

By way of affirmative defense, the defendants state that the plaintiff has failed to set forth an actionable claim, pursuant to 42 U.S.C. §1983, against the City of Agawam since the plaintiff is unable to establish that there was a deliberate indifference to the rights of its inhabitants or that the alleged deficiency is related to the plaintiff's alleged injuries.

## SIXTEENTH DEFENSE

By way of affirmative defense, the defendants state that there is no evidence that defendants' conduct was extreme or outrageous.

## SEVENTEENTH DEFENSE

By way of affirmative defense, the defendants state that the plaintiff's claim must fail since the defendants were, at all relevant times, discharging discretionary functions and, thus, are entitled to immunity.

## EIGHTEENTH DEFENSE

By way of affirmative defense, the defendants state that they were privileged in their conduct and acts and that, therefore, the plaintiff cannot recover.

## NINETEENTH DEFENSE

By way of affirmative defense, the defendants say that their acts and conduct were performed according to and protected by law and/or legal process and, therefore, the plaintiff cannot recover.

## TWENTIETH DEFENSE

By way of affirmative defense, the defendants state that the plaintiff is unable to recover since the defendants had no ulterior or illegitimate purpose.

298644v1

### TWENTY-FIRST DEFENSE

By way of affirmative defense, the defendants state that the plaintiff's claim is barred since there is no evidence that the defendants acted recklessly or with callous indifference to the plaintiff's rights.

### TWENTY-SECOND DEFENSE

By way of affirmative defense, the defendants state that the plaintiff's due process claims must fail since he had an adequate post deprivation remedy.

### TWENTY-THIRD DEFENSE

By way of affirmative defense, the defendants state that the plaintiff's claims must fail as no taking occurred, given that the defendants' actions did not severely interfere with the plaintiff's use of his property as to render the property worthless or useless.

### TWENTY-FOURTH DEFENSE

By way of affirmative defense, the defendants state that the plaintiff's claims must fail since the defendants actions were not arbitrary or unreasonable.

### TWENTY-FIFTH DEFENSE

By way of affirmative defense, the defendants state that the plaintiff's claims must fail since the defendants did not deprive the plaintiff of a constitutionally protected liberty or property interest.

### TWENTY-SIXTH DEFENSE

By way of affirmative defense, the defendants state that plaintiff's claim for conspiracy must fail since the plaintiff is unable to show that the defendants used unlawful purpose, unlawful means or that the defendants had some power of coercion over the plaintiff which they would not have had if they had acted independently.

298644v1

## TWENTY-SEVENTH DEFENSE

By way of affirmative defense, the defendants state that there is no evidence to establish that the defendants conspired for the purpose of depriving, either directly or indirectly, the plaintiff of the equal protection of the laws or of equal privileges and immunities under the laws. Furthermore, there is no evidence that one or more of the defendants did or caused to be done any act in furtherance of the object of the alleged conspiracy whereby the plaintiff was injured or deprived of having an exercise in any right or privilege.

## TWENTY-EIGHTH DEFENSE

By way of affirmative defense, the defendants say that the plaintiff's claims under 42 U.S.C. §1985 must fail since the plaintiff has failed to assert racial or class-based invidious discriminatory animus on the part of the defendants.

## TWENTY-NINTH DEFENSE

By way of affirmative defense, the defendants state the plaintiff's claim for violation of the Fourteenth and Fifth Amendments and the Massachusetts Declaration of Rights must fail since there has been no taking of the plaintiff's property by the defendants.

## THIRTIETH DEFENSE

By way of affirmative defense, the defendants say that when the plaintiff was arrested, there was probable cause for making the arrest and the defendants were justified in so doing.

## THIRTY-FIRST DEFENSE

By way of affirmative defense, the defendants say that the plaintiff was rightly detained, and with the use of no more force than was necessary.

298644v1

### THIRTY-SECOND DEFENSE

By way of affirmative defense, the defendants state that if the defendants did cause a criminal complaint to be brought and heard against the plaintiff, such legal process was proper and used for the purpose for which it was intended.

### THIRTY-THIRD DEFENSE

By way of affirmative defense, the defendants state that the plaintiff's claim for malicious abuse of process must fail since the defendants acted without malice and in good faith.

### THIRTY-FOURTH DEFENSE

By way of affirmative defense, the defendants state that the plaintiff has failed to set forth an actionable claim under the Massachusetts Declaration of Rights.

### THIRTY-FIFTH DEFENSE

By way of affirmative defense, the defendant states that there has been a misnomer of a party. The correct defendant is City of Agawam, not City of Agawam, Inc.

### THIRTY-SIXTH DEFENSE

By way of affirmative defense, the defendants say that if the plaintiff suffered injuries or damages, as alleged, such injuries or damages were caused by someone or something for whose conduct the defendants were not and are not legally responsible.

### THIRTY-SEVENTH DEFENSE

By way of affirmative defense, the defendants say that the injuries allegedly sustained by the plaintiff resulted from dangers the risk of which the plaintiff assumed, and, therefore, the plaintiff cannot recover.

298644v1

### THIRTY-EIGHTH DEFENSE

By way of affirmative defense, the defendants state that the plaintiff's injuries were caused by means of instrumentalities that were not in the control of nor under the responsibility of the defendants.

### THIRTY-NINTH DEFENSE

By way of affirmative defense, the defendants state that the plaintiff, by his conduct and actions and/or by the conduct and actions of his agents and servants, cannot recover in this action.

### FORTIETH DEFENSE

By way of affirmative defense, the defendants state that the plaintiff is not entitled to recover because of his failure to mitigate damages.

### FORTY-FIRST DEFENSE

By way of affirmative defense, the defendants state that the plaintiff is unable to recover since he is unable to show that he incurred actual damages.

### FORTY-SECOND DEFENSE

By way of affirmative defense, the defendants state that their actions were neither the proximate nor actual cause of any damages suffered by the plaintiff.

### FORTY-THIRD DEFENSE

By way of affirmative defense, the defendants say that the plaintiff's claims must fail since he has failed to set forth the necessary elements of his claims.

### FORTY-FOURTH DEFENSE

By way of affirmative defense, the defendants state that the plaintiff by his conduct and activities is estopped to recover any judgment against the defendants.

14

### FORTY-FIFTH DEFENSE

By way of affirmative defense, the defendants state that there is an insufficiency in the service of process as the defendants were served with the complaint beyond the time allowed by the court.

### FORTY-SIXTH DEFENSE

By way of affirmative defense, the defendants state that their alleged acts do not rise to the level of an intentional tort.

### FORTY-SEVENTH DEFENSE

In further answering, the defendants say that the plaintiff's claims are frivolous and not made in good faith, and the defendants, therefore, demand their costs and attorneys' fees pursuant to G.L. c. 231, § 6F.

### FORTY-EIGHTH DEFENSE

By way of affirmative defense, the defendants state that the plaintiff's claim must fail since the defendants were authorized to enter his property.

### FORTY-NINTH DEFENSE

By way of affirmative defense, the defendants state that the plaintiff's claims are limited by the provisions of M.G.L. c. 263, §3.

### FIFTIETH DEFENSE

By way of affirmative defense, the defendants state that the plaintiff's claims must fail since the defendants' actions complied with the provisions of M.G.L. c. 90, §21.

### FIFTY-FIRST DEFENSE

By way of affirmative defense, the defendants state that the plaintiff's claims must fail since he was in violation of G.L. c. 90, §34J, §25 and §23.

15

298644v1

<u>JURY CLAIM</u>

THE DEFENDANTS CLAIM A TRIAL BY JURY.

> The Defendants,
> John Moccio, John Kunasek, Jr., Richard Light,
> James Donovan III, City of Agawam, Inc., Richard
> Cohen and Robert Campbell
>
> By Their Attorneys
> Morrison Mahoney LLP
>
>
> Carole Sakowski Lynch, BBO#547718
> 1500 Main Street, Suite 2400
> P.O. Box 15387
> Springfield, MA  01115-5387
> (413) 737-4373
> (413) 739-3125 (Fax)

I hereby certify that a true copy of the
above document was served upon (each
party appearing pro se and) the attorney
of record for each (other) party by mail
(by hand) on _____8/18/05_____

298644v1