UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-30060-MAP

| | |
|---|---|
| JOSEPH F. SCHEBEL, JR., <br>     Plaintiff/Pro Se <br><br> v. <br><br> JOHN MOCCIO, individually and in his official capacity as patrolman for the Agawam Police, JOHN KUNASEK, JR., individually and in his official capacity as patrolman for the Agawam Police, RICHARD LIGHT, JR., individually and in his official capacity as Lieutenant for the Agawam Police, JAMES DONOVAN III, individually and in his official capacity as Sergeant for the Agawam Police, AGAWAM, CITY of INC., which is duly organized under the laws of the Commonwealth of Massachusetts is sued herein in its official capacity as a corporation under the laws of the Commonwealth, RICHARD COHEN, individually and in his official capacity as Mayor of Agawam, Massachusetts, ROBERT CAMPBELL, individually and in his official capacity as Chief of Police of Agawam, Massachusetts, <br>     Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## DEFENDANTS' MOTION FOR SANCTIONS

NOW COME the defendants, John Moccio, John Kunasek, Jr., Richard Light, Jr., James Donovan III, City of Agawam, Richard Cohen and Robert Campbell, and hereby move for sanctions, pursuant to Mass. R. Civ. P. 37(b), for failure to comply with the Court's Orders to respond to written discovery. In support of this motion, the defendants' state as follows:

1. On February 6, 2006, the defendants served, pursuant to Rules 33 and 34, Interrogatories and Request for Production of Documents upon the pro se plaintiff, Joseph Schebel, 71 Columbia Drive, Feeding Hills, Massachusetts.

2. On May 5, 2006, defendants filed a Motion to Compel plaintiff's answers and responses.

321337v1

3. On May 17, 2006, the plaintiff filed an opposition to defendant's Motion to Compel claiming he never received the interrogatories or the requests.

4. On May 22, 2006, Magistrate Judge Kenneth P. Neiman ordered the defendants to reserve second copies of the written discovery by May 25, 2006. Judge Neiman further ordered the plaintiff to respond by June 15, 2006.

5. On June 5, 2006, the defendants filed an Emergency Motion to extend time to re-serve written discovery upon the plaintiff.

6. On June 6, 2006, the defendants re-served the plaintiff with a second copy of discovery, via both First Class Mail and Certified Mail, # 7003 1010 0000 3240 6375.

7. On June 15, 2006, Magistrate Judge Kenneth P. Neiman ordered the defendants to re-serve discovery by June 23, 2006. Judge Neiman further ordered the plaintiff to respond by July 14, 2006.

8. On June 28, 2006, defendants received from the U.S. Postal Service the Certified Mail package served on June 6, 2006, stamped "Return to Sender - Unclaimed." The written discovery served via first class mail was never returned.

9. As of this date, the defendants have not received plaintiff's written response to Interrogatories or Request for Production of Documents.

## ARGUMENT

The plaintiff's failure to respond to written discovery despite outstanding Court Orders to do so has severely compromised the defendant's ability to prepare for the upcoming trial. According to Rule 37(b)(2)(D) of the Massachusetts Rules of Civil Procedure, plaintiff's non-compliance places him in contempt of court, and sanctions are necessary and appropriate. Rule 37(b)(2) further provides for the following relevant consequences:

2

321337v1

> ... (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;
>
> (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;...
>
> In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure...

The plaintiff has initiated this litigation while obstructing the defendants' ability to proceed with the discovery that is crucial to a fair trial. His disregard of the defendants' discovery requests, and his further disregard of the subsequent Court Orders compelling compliance with said discovery requests, wastes the time and money of the parties and the Court. Such contempt of court merits serious consequences, and deserves to be firmly addressed by one or more of the prescribed sanctions set forth above.

WHEREFORE, for the foregoing reasons, the defendants, John Moccio, John Kunasek, Jr., Richard Light, Jr., James Donovan III, City of Agawam, Richard Cohen and Robert Campbell, respectfully request that this Court sanction the plaintiff in a just and appropriate manner for his contempt of the Court's Orders compelling document production. In particular, the defendants pray that the Court issue an order pursuant to MRCP 37(b)(2)(C) which dismisses the instant action.

321337v1

The defendants further pray that the Court order the plaintiff to reimburse them for the litigation costs and fees associated with the plaintiff's non-compliance.

        The Defendants,
JOHN MOCCIO, JOHN KUNASEK, JR.,
RICHARD LIGHT, JR., JAMES DONOVAN III,
CITY OF AGAWAM, RICHARD COHEN and
ROBERT CAMPBELL,

By Their Attorneys
MORRISON MAHONEY LLP

_____
Carole Sakowski Lynch, BBO# 547718
1500 Main Street, Suite 2400
P.O. Box 15387
Springfield, MA 01115-5387
(413) 737-4373
(413) 739-3125 (Fax)

I hereby certify that this document, filed through the ECF System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants on ___7/24/06___

321337v1